United States Bankruptcy Court
Southern District of Texas

**ENTERED**
December 18, 2024
Nathan Ochsner, Clerk

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **GALLERIA 2425 OWNER, LLC** | § | Chapter 11 |
| | § | |
| Debtor. | § | Case No. 23-34815 |
| | § | |
| **QB LOOP PROPERTY LP,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Adv. No. 24-03198 |
| | § | |
| **CHRISTOPHER R. MURRAY, AS CHAPTER 11 TRUSTEE OF GALLERIA 2425 OWNER, LLC,** | § | |
| | § | |
| Defendant | § | |

## AGREED PROTECTIVE ORDER

Pursuant to the parties' Joint Motion for Protective Order, the Court enters the following Protective Order:

**1. Confidential Material and its Use.** "Confidential Material," as used herein, means information of any type, kind, or character that is designated as "Confidential" or "Attorney Eyes Only" by any of the supplying or receiving parties, whether it be electronically stored information, all or part of a paper document, information revealed during a deposition or in an interrogatory answer, or information otherwise produced to another party. All Confidential Material produced or exchanged during the course of this case shall be used solely for the purpose of preparation and trial of this case and for no other purpose whatsoever, and shall not be disclosed to any individual or entity except in accordance with the terms hereof.

    **2.**    **Qualified Persons Who May Access Confidential Material.** "Qualified Persons," as used herein, means:

    (a)    attorneys of record for the parties in this case;

    (b)    employees, agents, and representatives of such attorneys of record to whom it is necessary that Confidential Material be shown for purposes of this case;

    (c)    independent experts or consultants, as well as their administrative or clerical staff, who are engaged in connection with this case only (which shall not include the current employees, officers, members, or agents of parties or affiliates of parties) who—before reviewing any Confidential Material—have signed the attached Exhibit 2 agreeing to be bound by the terms of this Protective Order and have given the signed Exhibit 2 to the attorney who retained them and who shall maintain said document throughout this case;

    (d)    the Court and its staff and any other tribunal or dispute-resolution officer who is duly appointed or assigned in connection with this case;

    (e)    for each entity party, the party's officers, employees, or in-house counsel who are actively involved in the prosecution or defense of this case;

    (f)    for each individual party, such individual;

    (g)    litigation vendors, translators, court reporters, and other litigation-support personnel;

    (h)    any person who was an author or addressee of the Confidential Material;

    (i)    any witness in a deposition, hearing, or trial in this lawsuit to the extent it is reasonably necessary to disclose the Confidential Material to such witness; and

    (j)    any other person this Court designates after notice and an opportunity to be heard.

Except as necessary to comply with applicable law or the valid order of a court of competent jurisdiction, the receiving party's disclosure of information designated Confidential shall be limited to Qualified Persons, and the receiving party may not disclose information designated Attorney Eyes Only to those individuals who are Qualified Persons only under paragraph 2(e).

**3.     Designation of Confidential Material and Other Protected Information.**

(a)     In designating information as Confidential Material, a party will make such designation only as to that information that the party in good faith believes contains confidential or proprietary information. Confidential Material does not include information that: (i) is in the public domain at the time of disclosure through no fault of the recipient, as evidenced by a written document or other competent evidence; (ii) becomes part of the public domain through no fault of the recipient, as evidenced by a written document or other competent evidence; (iii) the receiving party can show by written document or other competent evidence was in its rightful and lawful possession without restriction as to disclosure at the time of disclosure; or (iv) lawfully comes into the recipient's possession subsequent to the time of disclosure from another source without restriction as to disclosure, provided such third-party has the right to make the disclosure to the receiving party.

(b)     Information and documents that may be designated as Confidential Material include, but are not limited to, confidential or proprietary financial information, information required to be kept confidential due to agreements with third parties, operational data, business plans, competitive analyses, personnel files, personal information that is protected by law, and other sensitive information that, if not restricted as set forth in this Protective Order, may subject the producing or disclosing person to competitive or financial injury or potential legal liability to

a third party or third parties. Correspondence and other communications between the parties or with nonparties may be designated as Confidential Material if the communication was made with the understanding or reasonable expectation that the information would not become generally available to the public.

(c) The Attorney Eyes Only designation shall be reserved for information that is believed to be unknown to the opposing party or parties, or any employees of a corporate party. For purposes of this Protective Order, so-designated information includes, but is not limited to, trade secrets, scientific or clinical information, research and development information, exploration and production analysis, product-formula information, design information, non-public financial information, portfolio positions, pricing information, customer-identification data, and study methodologies.

(d) Documents produced in this case may be designated by the producing or receiving parties as Confidential Material by stamping the word(s) "Confidential" or "Attorney Eyes Only" upon every page of the document, if reasonably feasible, taking care to avoid obscuring any text. If a party inadvertently discloses any document or thing containing information that it deems confidential or proprietary without designating it as Confidential Material, or any part thereof (*i.e.*, Attorneys Eyes Only), the disclosing party shall promptly, upon discovery of such inadvertent disclosure, inform the receiving party in writing, and the receiving party and all Qualified Persons possessing such information shall thereafter treat the information as Confidential Material, or any part thereof (*i.e.*, Attorneys Eyes Only) under this Protective Order. To the extent such information may have been disclosed to persons other than authorized persons described herein, the other parties shall make every reasonable effort to retrieve the information promptly from such persons and to avoid any further disclosure to unauthorized persons.

(e) Information disclosed at the deposition of a party or one of its present or former officers, directors, employees, agents, or independent experts retained by counsel for the purpose of this case, or at the deposition of a third party (to the extent such information pertains to a party) may be designated by any party as Confidential Material by indicating on the record at the deposition that the testimony is Confidential or Attorney Eyes Only and is subject to the provisions of this Protective Order.  Any party may also designate information disclosed at such deposition as Confidential or Attorney Eyes Only by notifying all of the parties in writing, within thirty (30) days of receipt of the deposition transcript, of the specific pages and lines of the transcript which should be treated as such thereafter.

(f) Tangible items, including, without limitation, compact discs or DVDs, may be designated by any party as Confidential Material, by affixing—in a prominent place on the item or on the container holding the item—a legend indicating that the item is Confidential Material.

(g) When producing a document in response to written discovery in this case, a party may redact information in the document that is not responsive to any discovery request and is (i) commercially sensitive; (ii) scientific or clinical information; or (iii) research and development information.  Each redacted portion of the document shall be marked "Redacted."

**4. Challenges to Designations of Confidential Material.**

(a) A party shall not be obligated to challenge the propriety of a designation of Confidential Material at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to the designation.  If any party to this case disagrees at any stage of the litigation proceedings with the designation of any information as Confidential Material, the parties shall first try to resolve the dispute in good faith on an informal basis, such as by production of redacted copies.  If the dispute cannot be resolved, the objecting party may invoke this provision

by serving written objections, made in good faith, to the party who designated the information as Confidential Material. The designating party shall then have fourteen (14) days to move the Court for an order preserving the designated status of the disputed information. The disputed information shall remain Confidential Material unless and until the Court orders otherwise; provided, however, that a failure to timely move for such an order shall constitute a termination of the status of such item as Confidential Material.

(b) If any party in good faith disagrees with disclosure of particular Confidential Material to any person, the parties shall first try to resolve the dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party shall have thirty (30) days from the date it becomes aware of such disclosure to move the court for an order denying the disputed person (a) status as a Qualified Person, or (b) access to particular Confidential Material. The objecting person shall have the burden of demonstrating that disclosure to the disputed person violates this Order or would expose the objecting party to the risk of serious harm. Upon the timely filing of such a motion, no disclosure of Confidential Material shall be made to the disputed person unless and until the Court enters an order preserving the designation and/or permitting the disputed person access to the Confidential Material.

5. **Manner of Use of Confidential Material in Proceedings.** If a document designated "Confidential" or "Attorney Eyes Only" is used in any court proceeding or otherwise submitted to a court, the document will be filed under seal and will state on the first page that it contains Confidential Material and that said document is lodged or filed under seal. The Parties shall not electronically file or cause to be filed any Confidential Material with a court unless such Confidential Material is filed under seal. In the event that any Confidential Material is used at trial or is otherwise submitted in a court proceeding, it will not lose its confidential status through such

use, and the Party using the Confidential Material will take all reasonable steps to maintain its confidentiality during such use.

6. **Use of Confidential Material by Designating Party.** A party who has designated information or testimony as Confidential Material may disclose such information or testimony without restriction in this case, so long as no other party has designated that information or testimony as Confidential Material; provided, however, that nothing in this Protective Order, including but not limited to the immediately preceding sentence, eliminates, reduces, or affects in any way any contractual confidentiality obligations any party may owe with respect to any information subject to this Protective Order.

7. **Disposition of Confidential Material.** The provisions of this Protective Order shall not terminate upon the conclusion of this case. Within one-hundred twenty (120) days after the conclusion of trial and any appeal in this case, any document and all reproductions of documents produced by a party in the possession of any of the Qualified Persons as defined in paragraph 2 shall be returned to the producing party or destroyed, except as this Court may otherwise order or to the extent such information was used as evidence during pretrial proceedings or at the trial. As far as the provisions of any protective orders entered in this action restrict the communication and use of the documents produced thereunder, such orders shall continue to be binding after the conclusion of this case.

8. **Requests for Confidential Material.** If any person possessing Confidential Material is subpoenaed in another action or proceeding or served with a document demand, and such subpoena or document demand seeks Confidential Material, the person receiving the subpoena or document demand, in addition to complying with any contractual obligations it may have in respect to the requested Confidential Material, (a) shall give written notice by email within

three business days of the receipt of such subpoena or demand to undersigned counsel for the producing party (or parties) and designating party (or parties) and (b) shall, to the extent permitted by law, withhold production of the subpoenaed material until any dispute relating to the production of such material is resolved.

9. **Attorney-Client Communications.** This Protective Order shall not bar any attorney, in the course of rendering advice to his or her client with respect to this case, from conveying to any party client his evaluation in a general way of Confidential Material produced or exchanged herein; provided, however that in rendering such advice and otherwise communicating with the client, the attorney shall not disclose the specific contents of any Confidential Material produced by another party herein, which disclosure would be contrary to the terms of this Protective Order.

10. **Non-Parties.** If a party seeks discovery from a non-party to this case, the non-party may agree to be bound to and protected by the terms of this Protective Order, with respect to any Confidential Material produced by the non-party. Such an agreement must be in writing and must be provided to all parties to this case.

Without further order of this Court, the parties may by written agreement change the terms of this Protective Order.

Signed: December 18, 2024

Jeffrey P. Norman
United States Bankruptcy Judge

**AGREED AS TO FORM AND SUBSTANCE:**

Respectfully submitted,

/s/ Simon R. Mayer
Simon R. Mayer
TX Bar No. 24060243
Tory L. Finley
TX Bar No. 24116362
**LOCKE LORD LLP**
600 Travis Street, Suite 2800
Houston, Texas 77002
(713) 226-1200 (telephone)
(713) 223-3717 (facsimile)

**ATTORNEYS FOR QB LOOP PROPERTY LP**

/s/ R.J. Shannon
R.J. Shannon
TX Bar No. 24108062
2100 Travis Street, STE 1525
Houston, TX 77002
Email:rshannon@shannonleellp.com
(713) 714-5770 (telephone)
(833) 714-5770 (facsimile)

**ATTORNEY FOR CHRISTOPHER MURRAY, TRUSTEE**