IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| GALLERIA 2425 OWNER, LLC, | ) |  |
|  | ) | Case No. 23-34815 |
| Debtor. | ) |  |
|  | ) |  |
|  | ) |  |
| QB LOOP PROPERTY, LP | ) |  |
|  | ) |  |
| Plaintiff | ) | Adv. Proc. No. 24-03198 |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| CHRISTOPHER R. MURRAY, TRUSTEE | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

**JOINT EMERGENCY MOTION FOR ORDER EXTENDING THE DEADLINE TO FILE DISPOSITIVE MOTIONS FROM MAY 30, 2025, TO JUNE 6, 2025**

QB Loop Property LP ("QB Loop"), the plaintiff and counter-defendant in the above-captioned adversary proceeding (the "Adversary Proceeding") and Christopher R. Murray, trustee of the liquidation trust in the above-captioned bankruptcy case (the "Trustee" and together with QB Loop, the "Parties"), the defendant and counter-plaintiff in the Adversary Proceeding, hereby submit this motion (the "Motion") for entry of an order, substantially in the form attached hereto (the "Proposed Order"), extending the deadline to file dispositive motions from May 30, 2025, to June 6, 2025. In support of the Motion, the Parties respectfully represent as follows:

**BACKGROUND**

1. On May 29, 2025, the Parties reached an agreement in principle for the settlement of the Adversary Proceeding. They agree on the economic terms and certain additional provisions

and are in the process of memorializing the settlement. Further, the largest beneficiary of the liquidation trust (the "Trust") established in the above-captioned chapter 11 case (the "Chapter 11 Case") has indicated that it does not oppose a settlement on the broad terms discussed.

2.  To effectuate the settlement, the Parties will need to prepare and execute a settlement agreement. The Parties contemplate submitting a motion for approval of the settlement under Bankruptcy Rule 9019 for Bankruptcy Court approval. Although not the most complicated settlement, its importance to the Chapter 11 Case and the nature of some of the related litigation dictates that the Parties devote substantial time and attention to the matter.

3.  The problem is that the current deadline for dispositive motions under the Order Scheduling Trial [Adv. Proc. No. 14] is May 30, 2025. The Parties are unable to both fully document the agreement and finalize the dispositive motions within that time. Further, if either of them filed a dispositive motion, the Parties would be compelled to begin preparing appropriate responses. The Parties respectfully submit that focusing on the settlement as opposed to dispositive motions, that will likely never be decided, will avoid unnecessary expense to the Parties, expedite distribution to general unsecured creditors in the Chapter 11 Case, and preserve judicial resources.[1]

**RELIEF REQUESTED**

4.  The Trustee and QB Loop jointly request that the Court enter an order, substantially in the form of the Proposed Order, extending the deadline to file dispositive motions in the Adversary Proceeding to June 6, 2025.

---

[1] In the event that the settlement is fully document and executed, the parties will likely seek the abatement of the Adversary Proceeding in its entirety.

2

**BASIS FOR RELIEF**

5.    Bankruptcy Rule 9006(b)(1)(A) authorizes the Court to extend a deadline that has not yet expired for cause "with or without a motion or notice" for ordinary cause. The term "cause" is not defined and whether it exists is left to the discretion of the Court.

6.    The Parties submit that the contemplated settlement here constitutes sufficient cause. Given the Parties agreement, any dispositive motions would likely be rendered meaningless and the time spent preparing any response would be wasteful. There is simply nothing to be gained by the Parties focusing their attention on finalizing dispositive motions as opposed to the settlement.

7.    The Parties are cognizant of the Court's instruction at the December 18, 2024, pretrial conference that the trial dates would not be moved other than in extreme circumstances. Extending the dispositive motion deadline would not require moving the trial date. Responses to any dispositive motions would be due June 27, 2025, giving sufficient time before the July 16 trial date for the Court to rule or hold a hearing on the motions.

**CONCLUSION**

WHEREFORE, the Parties respectfully request that this Court enter an order substantially in the form of the Proposed Order extending the deadline for parties to file dispositive motions from May 30, 2025, to June 6, 2025.

[*Remainder of Page Intentionally Left Blank*]

Dated: May 29, 2025            Respectfully submitted,

| TROUTMAN PEPPER LOCKE LLP | SHANNON & LEE LLP |
|---|---|
| */s/Simon R. Mayer* | */s/R. J. Shannon* |
| Simon R. Mayer | Kyung S. Lee |
| TX. Bar No. 24060243 | TX Bar No. 12128400 |
| Tory L. Finley | R. J. Shannon |
| TX Bar No. 24116362 | TX Bar No. 24108062 |
| 600 Travis Street, Suite 2800 | Ella A. Cornwall |
| Houston, TX 77002 | TBA No. 24142801 |
| Telephone: (713) 226-1200 | 2100 Travis Street, STE 1525 |
| Email: simon.mayer@troutman.com | Houston, TX 77002 |
| tory.finley@troutman.com | Telephone: (713) 714-5770 |
| | Email: klee@shannonleellp.com |
| *Counsel to QB Loop Property LP* | rshannon@shannonleellp.com |
| | ecornwall@shannonleellp.com |
| | *Counsel to Christopher R. Murray* |

## CERTIFICATE OF ACCURACY

I hereby certify that the foregoing statements are true and accurate to the best of my knowledge and belief. This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

                                                             */s/R. J. Shannon*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served by (a) the Court's CM/ECF system on all parties registered to receive such service on the date of filing and (b) by separate email on the following parties:

Attn: Simon Mayer and Tory Finely
TROUTMAN PEPPER LOCKE
600 Travis Street, Suite 2800
Houston, TX 77002
Simon.Mayer@troutman.com
Tory.Finley@troutman.com
*Counsel to QB Loop Property LP*

                                                             */s/R. J. Shannon*